PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. SHEPPARD et al., Assessors.

(Supreme Court, Special Term, Onondaga County. December, 1900.)

ASSESSMENT ROLL—FILING—WHAT CONSTITUTES—CERTIORARI.

> The assessor gave the assessment roll to a mail carrier on August 22d, with directions to give it to the town clerk, and the package was left in the mail box at the clerk's residence, and immediately taken into the house, but on account of the absence of the clerk the package was not opened or marked "Filed" until August 24th. *Held,* that the roll was not filed until August 24th, and a petition for a writ of certiorari to review

the assessment of relator's property within the required period from that date was in time.

Application by the people, on the relation of the New York Central & Hudson River Railroad Company, for a writ of certiorari to review the action of Clytus Sheppard and others in assessing relator's property. Motion to quash the writ. Motion denied.

Rogers & Atwell, for the motion.
Purcell, Walker & Burns, opposed.

HISCOCK, J. The petition in this case was presented September 8, 1900, and the disposition of this motion is to be governed by the decision of the question whether the assessment roll in question was filed in the town clerk's office August 22d or August 24th. If it was filed upon the latter date, the petition was presented in time; if upon the former date, the petition was not in time. The facts bearing upon said question are as follows: Grievance day in said town was upon August 21st, and upon that day the assessors completed and verified the assessment roll, and caused notice to be posted in three conspicuous places in the town, as required by statute. Upon the following day one of their number delivered the roll in question, together with the assessment roll of 1899, inclosed in one package, to one Graves, a mail carrier, with a request that he deliver it to Mr. Fox, the town clerk. Graves left the package at the post on which a mail box was fastened in front of said clerk's house, and the latter's wife immediately went out and brought the package into the house with the mail. This was August 22d. The clerk was absent from home, and it does not appear that the package was opened, or that anybody knew what was contained in it, until two days later, when Mr. Fox, the clerk, found the package somewhere in the house, opened it, discovered what was in it, and then and thereupon indorsed the roll as filed on that day, namely, August 24th. In fact, it is a fair inference from the affidavits presented upon the part of the defendants upon this motion that no request was made to have the roll filed, and that neither Mrs. Fox nor anybody else knew that it was an assessment roll until Mr. Fox opened the package upon the latter date. In addition to marking the roll "Filed" at said later date, the clerk, in response to an inquiry by relator's attorneys, wrote that the roll was filed upon August 24th.

Upon these facts, and for the purposes of this motion, I think it should be held that the filing took place upon August 24th, and not upon August 22d. It is undoubtedly true, as a general rule, as claimed by defendants' counsel, that where a paper is left with a public officer, manifestly and intelligently for the purpose of being filed, it is the deposit and receipt of the paper which constitutes such filing, rather than a mere indorsement of a memorandum of the act on the paper, and that a party is not to be deprived of his rights because such official has indorsed a wrong date upon the paper, or has even failed to indorse any date at all. But that hardly seems to me to be this case. In the first place, that rule has ordinarily been laid down in order to protect the rights of parties, rather than for the

purpose of depriving a party of a right or a remedy, as will be the case here if defendants' contention is upheld. In the next place, the rule implies that the paper shall be deposited with the official with the clear and unmistakable purpose of having it filed. Such rule has been laid down in cases where the circumstances attending the leaving or depositing of a paper for filing indicated the purpose to have it filed, and gave some evidence, at least, of the nature of the paper which was to be filed. In this case no act accompanied the leaving of the assessment roll at the house of the clerk which indi-cated the purpose for which it was left. In addition to that, the roll was done up in a package, and neither the clerk nor anybody acting in his behalf even knew what it was until he opened the package two days after it was left. I think it would be a strained construction to hold that the mere deposit of the assessment roll in the office of the clerk under such circumstances constituted a filing. It certain-ly would violate the intention of the statute so to do, for that pro-vides that such a roll shall be open to public inspection for 15 days, and then limits to said period the time within which a petition for the writ of certiorari must be presented. The period of 15 days ought not to run against relator while the roll was not open to its inspection. The motion is therefore denied, with $10 costs.

Motion denied, with $10 costs.